UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCK SHARP & DOHME CORP., | |
| Plaintiff, | Civil Action No. 14-4989 (SRC) |
| v. | |
| FRESENIUS KABI USA, LLC, | **OPINION & ORDER** |
| Defendant. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal by Defendant Fresenius Kabi USA, LLC ("Fresenius") of the non-dispositive order by Magistrate Judge Waldor, entered on June 13, 2016, denying Defendant's motion to strike portions of the reply expert report of Professor Eric J. Munson. For the reasons set forth below, the Magistrate Judge's order will be affirmed.

In brief, Fresenius had argued to Magistrate Judge Waldor that Munson's reply expert report (the "Report," Bassi Dec. Ex. 1) contained new material that was unfairly prejudicial and should not be allowed. Magistrate Judge Waldor found that the Report did not exceed the limits established by the applicable scheduling order, and also found that Fresenius would not be unfairly prejudiced by admission of the Report. Fresenius now appeals.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). On appeal, Fresenius contends that Magistrate Judge Waldor incorrectly applied the law regarding the scope of expert reply reports, as well as the law on prejudice. Specifically, Fresenius objects to what it characterizes as new evidence from laboratory experiments cited in paragraphs 64 and 71 of the Report. In paragraph 64, Munson

offers an experiment to support the proposition that the 0.01 N NaOH pH challenge is appropriate for Cancidas®. In paragraph 71, Munson offers an experiment "[t]o further confirm the peak assignment for acetate in the Fresenius Proposed Product sample." (Bassi Dec. Ex. 1 at ¶ 71.)

It is clear from the context (¶¶ 61-63) in which paragraph 64 appears that this experiment is offered in response to a debate with Dr. Rienstra over the best method to use in performing a pH challenge: among other questions,[1] should one use a solution at a concentration at 0.01 N NaOH or at 1.0 N NaOH? Dr. Rienstra had addressed the issue in paragraph 59 of his rebuttal expert report. (Leonard Dec. Ex. A.) The Report's paragraph 64 responds and continues that ongoing debate. It is not a new point that should have only been raised for the first time in the opening report.

As to paragraph 71, again, it is clear from the context (¶¶ 69-70) in which paragraph 71 appears that this experiment is offered in response to Dr. Rienstra's criticism, stated in paragraph 86 of his rebuttal expert report, that the acetate peak in the $^{13}$C NMR spectra reported by Munson is not clear. The Report's paragraph 71 responds to the criticism in Rienstra's rebuttal report. It is not a new point that should have only been raised for the first time in the opening report.

Thus, it does not appear that Fresenius is correct when it argues that the experiments in paragraphs 64 and 71 of the Report are "brand new." (Def.'s Br. 6.) They are, rather, responsive to the Rienstra report, as they ought to be. Fresenius has not persuaded this Court that Magistrate Judge Waldor misapplied the law regarding the scope of responsive expert reports.

---

[1] Paragraph 64 also appears to respond to Dr. Rienstra's criticism in his rebuttal expert report that Munson had not performed any pH titration using a solution containing caspofungin. (Leonard Dec. Ex. A ¶ 65.)

Fresenius contends as well that it has been prejudiced by not having the opportunity to run rebuttal tests in response to paragraphs 64 and 71. As Magistrate Judge Waldor soundly stated, the problem is that this can become limitless, as each party seeks leave to submit a further supplemental expert report to respond to the previous one. It has to stop somewhere, and this Court finds no error in the Magistrate Judge's decision to limit the production of reports to the number that the parties had previously agreed to.

Fresenius has not persuaded this Court that the Magistrate Judge's order is either clearly erroneous or contrary to law. Rather, having reviewed the Magistrate Judge's order of June 13, 2016, this Court finds that the decision was an appropriate exercise of the Magistrate Judge's discretion and that it is neither clearly erroneous nor contrary to law. The order of June 13, 2016 will be affirmed.

For these reasons,

**IT IS** on this 28th day of July, 2016 hereby

**ORDERED** that Defendant's appeal of the Magistrate Judge's order of June 13, 2016 (Docket Entry No. 182) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Waldor's order of June 13, 2016 (Docket Entry No. 167) is hereby **AFFIRMED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.