UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MERCK SHARP & DOHME CORP., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FRESENIUS KABI USA, LLC, : <br> : <br> Defendant. : | Civil Action No. 14-4989 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Plaintiff Merck Sharp & Dohme Corp. ("Merck"). For the reasons set forth below, the motion will be granted.

In brief, this case arises from a dispute over patent infringement between Merck and Defendant Fresenius Kabi USA, LLC ("Fresenius"). Merck now moves for summary judgment that it holds all right, title, and interest in U.S. Patent No. 5,952,300 (the "'300 patent").

In support of its motion, Merck points to a document from the United States Patent and Trademark Office titled, "Patent Assignment Abstract of Title." (Traupman Dec. Ex. N.) This document clearly shows that ownership of the '300 patent has been assigned to "Merck Sharp & Dohme Corp." (Id.)

In opposition, Fresenius contends that a material factual dispute precludes a grant of summary judgment. There is, apparently, a confidential litigation settlement agreement between Merck and another pharmaceutical company, Teva. Fresenius argues that, until Merck discloses the contents of that agreement, one cannot know whether Merck did or did not give any patent

rights to Teva.  In reply, Merck argues:

> Fresenius's opposition cites no facts that would create a genuine factual dispute that Merck does not own the '300 patent. Instead, Fresenius muses about the patent rights that *could* be included in the litigation settlement agreement between Merck and Teva.

(Pl.'s Reply Br. 1.)  Merck is entirely correct.  Fresenius seeks to oppose the motion for summary judgment by voicing suspicions.  "Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).  Rule 56 states:

> (c) Procedures.
>   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fresenius has not met any of the requirements of Rule 56(c)(1) for supporting the assertion of a factual dispute.

Defendant has failed to defeat Plaintiff's motion for summary judgment.  Plaintiff has shown that it is entitled to Judgment as a matter of law.  The motion for summary judgment will be granted.

For these reasons,

**IT IS** on this 28th day of October, 2016 hereby

2

**ORDERED** that Merck's motion for summary judgment is **GRANTED**, and Judgment is hereby entered in Plaintiff's favor, declaring that Merck holds all right, title, and interest in U.S. Patent No. 5,952,300.

                                                           s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J.